# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

AURORA BANK FSB, a Federal Savings Bank

     Plaintiff,

v.

STANDARD PACIFIC MORTGAGE, INC., a Delaware Corporation, formerly known as FAMILY LENDING SERVICES, INC.

     Defendant.

## COMPLAINT

Plaintiff, Aurora Bank FSB ("Aurora"), through its attorneys, Bloom Murr Accomazzo & Siler, PC, hereby submits its complaint as follows:

## NATURE OF ACTION

1. Aurora Bank FSB, formerly known as Lehman Brothers Bank FSB, purchased certain mortgage loans, including the loans at issue in this action, from Standard Pacific Mortgage, Inc. ("Standard") pursuant to written contracts.

2. With respect to the loans at issue in this case, Standard breached its representations and warranties in the written contracts, and consequently, it is required to either indemnify Aurora for its losses, or repurchase the loans at issue from Aurora. Despite demand for repurchase or indemnification, Standard has failed or refused to comply with its obligations under the written contracts. Aurora brings this action to recover money damages for the injuries

it sustained due to Standard's failure to repurchase or indemnify for the subject loans described herein.

## PARTIES

3. Aurora is a federal savings bank that conducts business at 10350 Park Meadows Drive, Littleton, Colorado 80124, located in Douglas County, Colorado, and with its home office located in Delaware.

4. Upon information and belief, Standard is incorporated in the state of Delaware with a principal place of business at 15360 Barranca Parkway, Irvine, California 92618.

5. Upon information and belief, Standard was formerly known as Family Lending Services, Inc.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship between plaintiff and defendant, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Colorado, the agreements at issue were to be performed in Colorado, and the subject loans were serviced in Colorado.

## FACTUAL ALLEGATIONS

8. Aurora, in the usual course of its business, purchases mortgage loans from correspondent lenders who originate such loans and sell them in the secondary mortgage market.

9. Standard is such a lender, who originates loans and sells them in the secondary mortgage market.

10. In 2004 Standard and Aurora entered into a Loan Purchase Agreement (the "Agreement") which provided for the purchase and sale of mortgage loans. *See* Agreement attached as **Exhibit 1**.

11. The Agreement expressly incorporates the additional terms found in the Aurora Loan Services LLC Seller's Guide (the "Seller's Guide").

12. The Agreement and Seller's Guide (collectively the "Purchase Agreement") set forth the obligations and duties of the parties with respect to the purchase and sale of mortgage loans, including, but not limited to, the representations and warranties by Standard regarding individual mortgage loans purchased or sold, and remedies for breach of those representations and warranties.

13. Standard sold numerous mortgage loans to Aurora under the Purchase Agreement including, but not limited to, the ten (10) loans at issue in this case which are listed on the attached **Exhibit 2** (the "Subject Loans").

14. Standard made numerous representations and warranties with respect to the Subject Loans, including, but not limited to, the representations and warranties under Section 7 of the Seller's Guide, which are as follows:

    a. The note and the mortgage are genuine;

    b. Standard's representations are true and accurate;

    c. Standard complied with each of the requirements, terms, covenants and conditions set forth in the Agreements and the Seller's Guide;

d. No document furnished or to be furnished by Standard pursuant to the Agreement or Seller's Guide contains any untrue statement of material fact or omits to state a material fact necessary to make the statements contained therein not misleading;

e. The origination of the Subject Loans by Standard have been legal, proper, prudent and customary and have conformed to customary standards of the residential mortgage origination and servicing business;

f. No fraud was committed in connection with the origination of the Subject Loans;

g. Standard will comply with all provisions of this Seller's Guide and the Loan Purchase Agreement.

15. Standard also represented in the event of a breach of the representations, warranties or covenants contained in the Seller's Guide that materially and adversely affected the value of the Subject Loans or Aurora's interests therein, Standard must, at Aurora's option, repurchase the Subject Loans.

16. Standard further represented, in addition to its repurchase and cure obligations, that Standard must indemnify Aurora from and hold Aurora harmless against all claims, losses, damages, penalties, fines, forfeitures, lawsuits, court costs, reasonable attorney's fees, judgments and any other costs, fees and expenses that Aurora may sustain in any way related to or resulting from any a breach of any warranty, obligation, representation or covenant under the Seller's Guide.

17. Aurora relied on the representations and warranties made by Standard in the Purchase Agreement when Aurora purchased the Subject Loans.

18. Standard is in breach of its obligations under the Purchase Agreement with respect to each of the Subject Loans listed in Exhibit 2.

19. Aurora has sent written demands to Standard for the repurchase of, or alternatively for indemnification for losses relating to, each of the Subject Loans.

20. Standard has failed or refused to repurchase the Subject Loans or to indemnify Aurora for losses relating to the Subject Loans.

21. Standard has breached numerous representations and warranties under the Purchase Agreement with respect to the Subject Loans.

22. The breaches are more specifically set forth in the demand letters and other correspondence between the parties and include, but are not limited to, the following:

   a. Certain borrowers of the Subject Loans made material representations of their income in order to qualify for the loan;

   b. The underwriting of some of the Subject Loans was not in compliance with the underwriting guidelines in the Seller's Guide;

   c. The debt-to-income ratios for certain borrowers of the Subject Loans were not in compliance with the program guidelines under the Seller's Guide;

   d. Certain borrowers of the Subject Loans made material representations of their employment in order to qualify for the loan;

e. Certain borrowers of the Subject Loans made material representations of their occupancy of the properties securing the Subject Loans in order to qualify for the loan.

23. Pursuant to the Purchase Agreement, Standard must repay Aurora for losses relating to the Subject Loans.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

24. Aurora hereby incorporates the above allegations in this Complaint as if fully set forth herein.

25. Aurora and Standard entered into a binding contract as evidenced by the Purchase Agreement.

26. Aurora has performed its obligations under the Purchase Agreement.

27. Despite Aurora's performance, Standard has breached the Purchase Agreement by, among other things, breaching the representations and warranties contained in the Purchase Agreement, and by failing or refusing to repurchase the Subject Loans and/or to indemnify Aurora for its losses sustained in connection with the Subject Loans.

28. Aurora has been damaged by Standard's breaches of the Purchase Agreement in an amount to be proven at trial.

WHEREFORE, Aurora hereby requests the entry of judgment in its favor and against Standard for an amount to be determined at trial, plus interest, costs, attorneys' fees, and such other relief as the Court deems proper.

## SECOND CLAIM FOR RELIEF
### (Breach of Express Warranty)

29. Aurora hereby incorporates the above allegations in this Complaint as if fully set forth herein.

30. The Purchase Agreement is a valid and enforceable contract that is binding upon Standard.

31. With respect to each of the Subject Loans referenced in Exhibit 2, Standard made a number of express warranties concerning the Subject Loans, as set forth above.

32. The express warranties contained in the Purchase Agreement were part of the basis of the bargain and agreement between Aurora and Standard.

33. Aurora relied on the express warranties contained in the Purchase Agreement when Aurora purchased the Subject Loans.

34. Standard breached the express warranties contained in the Purchase Agreement.

35. Aurora, individually and through counsel, has provided Standard with adequate written notice of Standard's breach of the express warranties.

36. Standard has failed or refused to remedy the breaches by failing to repurchase the Subject Loans or indemnify Aurora for the losses caused by Standard's breach of the express warranties.

37. As a result of Standard's breach of the express warranties, Aurora has sustained damages.

WHEREFORE, Aurora hereby requests the entry of judgment in its favor and against Standard for an amount to be determined at trial, plus interest, costs, attorneys' fees, and such other relief as the Court deems proper.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

38. Aurora hereby incorporates the above allegations in this Complaint as if fully set forth herein.

39. At Aurora's expense, Standard received a benefit.

40. Standard received the benefit under circumstances that make its retention of said benefit unjust without paying Aurora.

WHEREFORE, Aurora hereby requests the entry of judgment in its favor and against Standard for the value of the benefit conferred upon it by Aurora, and for such other relief as the Court deems proper.

Dated this 30th day of November, 2012.

Respectfully submitted,

BLOOM MURR ACCOMAZZO & SILER, PC


 *s/ Jamie G. Siler*
Jamie G. Siler, Colorado Bar No.: 31284
Maris S. Davies, Colorado Bar No.: 41311
410 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 534-2277
Facsimile:   (303) 534-1313

*Attorneys for Aurora Bank FSB*

Address of Plaintiff:
c/o Bloom Murr Accomazzo & Siler, PC
410 Seventeenth St., Suite 2400
Denver, CO  80202