## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 12-cv-03138-WJM-KLM

AURORA BANK FSB, a Federal Savings Bank

      Plaintiff,

v.

STANDARD PACIFIC MORTGAGE, INC.
a Virginia Corporation.

      Defendant.

---

## PROTECTIVE ORDER

---

      This matter, having come before the Court upon Plaintiff Aurora Bank FSB's *unopposed* motion for

entry of protective order, ~~and good cause appearing in support of the entry of a protective order~~

to protect the discovery and dissemination of confidential information in this case, and pursuant

to Fed.R.Civ.P. 26(c), IT IS ORDERED:

      1.    This Protective Order shall apply to all documents, materials, and information,

including without limitation, documents produced, answers to interrogatories, responses to

requests for admission, deposition testimony, electronic records, and other information

designated as "CONFIDENTIAL" pursuant to this Protective Order and disclosed pursuant to the

disclosure or discovery duties created by the Federal Rules of Civil Procedure.

      2.    Certain information that is currently sought or may be sought through discovery

in this action may constitute confidential or private information, within the meaning of Fed. R.

Civ. P. 26. Such information includes, but is not limited to, certain confidential financial records,

certain loan records and certain servicing information for the subject mortgage loans at issue in the complaint.

3.     This confidential information may be relevant to disputed issues in this case, including which party is responsible for the losses associated with the loans at issue or may be reasonably calculated to lead to the discovery of admissible evidence. Additionally, discovery will be facilitated if the parties are allowed to produce such information under a protective order pursuant to Fed. R. Civ. P. 26.

4.     Finally, Colorado law provides that banking customers enjoy a general expectation of privacy in connection with their banking records. *Rubenstein v. South Denver National Bank*, 762 P.2d 755, 756-757 (Colo.App. 1988).

Therefore, the Court hereby ORDERS as follows:

5.     This Order shall govern any testimony given at any deposition, pretrial hearing, or proceeding in this action, as well as all documents or other materials produced, any copies, abstracts, excerpts, analyses, or summaries that contain, reflect, or disclose information contained in such testimony or other materials.   The testimony, documents, and materials referred to in this paragraph shall collectively constitute "Discovery Materials."

6.     Any party to this litigation, or any third party from whom discovery is sought, may, before producing or disclosing Discovery Materials, designate as "Confidential" any Discovery Materials it produces that are believed in good faith to constitute, reflect, or disclose financially private information, trade secrets or other confidential information within the scope of Fed. R. Civ. P. 26. Discovery Materials designated as "Confidential" are referred to herein as "Designated Materials." All copies, abstracts, excerpts, analyses, charts or summaries of the

Discovery Materials that contain, reflect, or disclose information designated as "Confidential" shall be marked with the appropriate "Confidential" designation.

7.     All Designated Materials shall bear a legend on each page stating that the material is Confidential, except as provided below. All Designated Materials shall be marked before being sent to any party (hereinafter the "Receiving Party"). Where it is not possible to affix a legend to particular Designated Materials, the producing party shall take reasonable steps to give all Receiving Parties notice of its status as Confidential prior to the production of the Designated Materials.

8.     Deposition testimony may be designated as Confidential at the time the testimony is elicited or within thirty (30) days after notice by the court reporter of the completion of the deposition transcript. Portions of testimony so designated shall be appropriately marked as Confidential by the court reporter on each page as per the directions of the designating party. Further designations of testimony as Confidential may be made during this period by giving written notice to all counsel who have appeared in the action. Additionally, if testimony is designated as Confidential at the time the testimony is elicited, the only persons allowed in the room or to hear the testimony are those who, under this Protective Order, may have confidential materials revealed to them under the terms of this Protective Order.

9.     Nothing contained in this Protective Order shall preclude the use of Confidential Information or provide an independent basis for refusal to answer any question at a deposition, in a hearing, or at trial, including any appeal of this action.

10.     Any party to whom Designated Materials are produced, including attorneys representing the party, may only make such use of Designated Materials as: (1) the prosecution or defense of this case may require; (2) for defendant's evaluation of plaintiff's demand for

repurchase or indemnification of any loans at issue or plaintiff's evaluation of any defenses or counterclaims asserted by defendant; and (3) not for any other purpose.

11.     Discovery Materials designated Confidential and information therefrom shall not be given, shown, disclosed, discussed, or made available in any manner to any person other than: (a) any current or former employee of a party to whom it is reasonably deemed necessary by counsel that these documents be shown for purposes of this litigation only; (b) outside counsel for the respective parties, and employees and independent contractors engaged in clerical work for such counsel as necessary to assist in this action; (c) experts or consultants retained for purposes of this action, and only to the extent necessary for the expert to (1) prepare a written opinion, (2) prepare for trial or other proceedings in this case, or (3) assist outside counsel in this action, but only if such expert or consultant agrees to only use any Designated Materials solely for the preparation of this case and not for any other purpose; (d) witnesses in the course of deposition, hearing, or trial testimony where counsel has a reasonable and good faith belief that examination with respect to the document is necessary for legitimate discovery, hearing, or trial purposes; (e) the author of the document and anyone demonstrated by testimony or sworn affidavit to have received it in the ordinary course of business; (f) court reporters; and (g) the Court and Court staff or personnel if the Confidential material is filed in the manner required by this Protective Order.

12.     Except for the Court, counsel and the named party's employees as provided above, , all persons to whom Designated Materials are disclosed shall be informed of and agree to be bound by the terms of this Protective Order and shall take all necessary precautions to prevent any disclosure or use of Designated Materials other than as authorized by this Protective Order.

13.     Prior to disclosing any Designated Materials to any person other than the Court; parties or counsel as provided above; court personnel; court reporters; any employee of a party to whom it is reasonably deemed necessary by counsel that these documents be shown for purposes of this litigation, evaluation, or settlement; employees and independent contractors engaged in clerical work for counsel as necessary to assist in this action, counsel shall have the obligation to obtain a written acknowledgment, in the form of Exhibit 1 attached hereto, that such person has received and reviewed a copy of this Protective Order, will comply with its terms in all respects, and will submit to the jurisdiction of this Court for adjudication of any dispute regarding whether the person has complied with the terms of this Protective Order. Additionally, any counsel disclosing Designated Materials shall keep a record of the name, address and telephone number of each person who is to receive such information and shall retain the person's written acknowledgment, discussed above, until termination of this action as defined in paragraph 23 of this Protective Order.

14.     Persons who are authorized to review Designated Materials pursuant to this Protective Order shall hold the Designated Materials and all information contained therein or derived from in confidence and may not divulge in any manner the Designated Materials, their contents, nature, or importance, either verbally or in writing, to any person not authorized to receive such information pursuant to the terms of this Protective Order unless required to do so by the order of the Court.

15.     In the event that a party deems it necessary to disclose any Designated Materials to any person not authorized under the terms of this Protective Order, the party shall notify counsel for the producing person in writing of (1) the Designated Materials that are to be disclosed, and (2) the persons to whom such disclosure is to be made. The proposed disclosure

cannot be made absent written permission of the producing person unless an order from the Court is obtained. All terms of this Protective Order governing the production of Confidential information shall apply to every such disclosure.

16.     Nothing contained in this Protective Order shall prevent any party from disclosing its own Designated Materials as it deems appropriate. Additionally, nothing in this Protective Order shall prevent any party from using as it deems appropriate materials that are the same as Designated Materials when such materials are obtained from a public source or from a source other than the producing party under circumstances that in no way restrict the use of such materials.

17.     If Designated Materials are disclosed to any person other than in the manners authorized by this Protective Order, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party or person of all pertinent facts relating to the disclosure, and make every effort to retrieve the Designated Material and to prevent any disclosure by any unauthorized person.

18.     All documents and materials filed with the Court that include or reference a loan borrower's first name, social security number, address, or loan number -- with the exception of the last 4 identifying digits -- will be redacted prior to attaching the same to the specific motion or filing. The parties will, by amendment to this order, identify a process for dealing with any additional Designated Materials which do not include or reference a loan borrower's first name, social security number, address, or loan number, but which are still designated as Confidential, by either party, but which are not readily capable of redaction. Until such process is agreed upon and made an order of the Court, no party shall attach any Designated Material to any public filing unless it is capable of redaction as outlined above.

19.     If Confidential materials are to be offered into evidence at any trial or hearing in this case, the parties shall notify the Court of the Confidential nature of such materials at the time of the hearing and take any appropriate steps as ordered by the Court to keep such materials Confidential after the hearing or trial.

20.     A party may at any time notify the designating party in writing that it objects to the designation of any Discovery Material as Confidential. The written notice shall identify the information to which the objection is made.   In order to designate Discovery Material as Confidential, "a party must make some threshold showing of good cause to believe that discovery will involve confidential or protected information. This may be done on a generalized as opposed to a document-by-document basis. Moreover, even though a blanket protective order permits all documents to be designated as confidential, a party must agree to only invoke the designation in good faith." *Gillard v. Boulder Valley Sat Dist. Re.-2*, 196 F.R.D. 382, 386 (D. Colo. 2000). Moreover, "[t]he opposing party has the right to contest those documents which it believes not to be confidential. At this stage, the party seeking the protection shoulders the burden of proof in justifying retaining the confidentiality designation. Thus, the burden of proving confidentiality never shifts from the party asserting that claim-only the burden of raising that issue." *Gillard*, 196 F.R.D. at 386.21.

21.     In the event that there is a disagreement whether material has been properly designated as "Confidential" there shall first be an attempt in good faith to resolve such a dispute.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, either party may request a telephone hearing with the Magistrate Judge regarding the issue(s). ~~Both of these steps, written notice and conferral with the Court, must be completed before filing a contested motion with the Court.~~

*[handwritten]* kem

*[handwritten]* No discovery motions may be filed with The Court

*[handwritten]* without the express permission of Magistrate Judge Mix.

22.    Production of any document or materials without a designation of Confidential will not be deemed a waiver of a later claim as to its proper designation or prevent the producing party from later designating the material as Confidential.

23.    This Protective Order shall survive the termination of this litigation but shall not impact or affect the parties' regular course of business with respect to servicing any loan in this litigation.

24.    All Designated Materials subject to this Protective Order shall be returned to the producing party upon termination of this action, or, upon written permission by the producing party, destroyed. The term "termination of this action" shall mean 45 days following: (a) the entry of an order of dismissal or other final non-appealable order fully disposing of the case; or (b) the expiration of any time for appeal. Furthermore, counsel for the receiving party shall make reasonable efforts to retrieve any documents or information subject to this Protective Order from any person to whom such information has been provided. If counsel for the receiving party fails to retrieve any documents or information subject to this Protective Order, counsel is required to notify the other party in writing of such failure including the name, address, and telephone number of the person in possession of documents or information subject to this Protective Order and the efforts made by counsel to retrieve the documents or information.

25.    Nothing in the terms of this Protective Order shall: (1) reduce in any way the rights of the parties or other persons from whom discovery is sought to object to discovery; (2) prejudice the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence that is subject to this Protective Order; (3) except as expressly provided, relieve any party of its obligation to produce information and documents in

the course of discovery; or (4) prejudice the rights of any party or producing person to petition the Court to amend this Protective Order.

26.    References to persons in this Protective Order are deemed to include natural persons, corporations, and other entities,

DATED this 25th day of February , 2013.

BY THE COURT:

~~District~~ Magistrate Judge

**Exhibit 1**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I have read the Protective Order entered in *Aurora Bank FSB v. Standard Pacific Mortgage, Inc.* Case No. 12-cv-03138-WJM-KLM, (United States District Court for the District of Colorado), and understand its contents, and agree not to make any disclosures of information, documents, tangible things, testimony, or other data marked or identified and produced as Confidential material in this litigation to any person who is not permitted to have access under the Protective Order. I further agree to use information, documents, tangible things, testimony, or other data identified and produced as Confidential material solely for purposes of this litigation proceeding, but nothing contained herein shall preclude use or disclosure of any documents, data or information I already had before it was produced as Confidential material in this litigation. I further agree that any dispute concerning enforcement of this Agreement may be decided by The Honorable Kristen L. Mix or such other United States District Court Judge assigned to the above referenced litigation.

Signature:_____     Signature:_____

Name:_____     Name:_____

Address:_____     Address:_____

Phone:_____     Phone:_____

Date:_____     Date:_____