IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03138-WJM-KLM

AURORA COMMERCIAL CORP., as Successor by Merger to Aurora Bank, FSB, formerly known as Lehman Brothers Bank, FSB,

Plaintiff,

v.

STANDARD PACIFIC MORTGAGE, INC., a Delaware Corporation formerly known as Family Lending Services, Inc.,

Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Strike Deposition Excerpt Submitted by Standard Pacific** [#50][1] (the "Motion"). Plaintiff brings the Motion pursuant to Fed. R. Civ. P. 12(f). *Motion* [#50] at 1, 8. It seeks to strike a partial deposition transcript submitted by Defendant in support of Defendant's pending Motion to Dismiss [#32]. *Id.*

As an initial matter, the Court notes that Rule 12(f) only permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Pleadings, as defined by Rule 7(a), are different from "motions and other papers." Pleadings include a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party

---

[1] "[#50]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). The Court uses this convention throughout this Recommendation.

complaint, an answer to a third-party complaint, and, if court-ordered, a reply to an answer. Fed. R. Civ. P. 7(a).  "[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions and memoranda."  *Searcy v. Soc. Sec. Admin.*, No. 91-4181, 1992 WL 43490, at *2 (10th Cir. Mar. 2, 1992).  *See also* 2 James Wm. Moore et. al., Moore's Federal Practice § 12.37[2] (3d ed. 2004) ("Only material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly.  Motions, briefs, or memoranda, objections, or affidavits may not be attacked by the motion to strike.").

The document to which Plaintiff's Motion is directed is not a "pleading" as defined by Rule 7(a) of the Federal Rules of Civil Procedure.  Plaintiff may not attack the deposition excerpt, provided by Defendant as an exhibit to its Motion to Dismiss, through a motion to strike pursuant to Rule 12(f).  *See Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs.*, 230 F.R.D. 657, 660 (D.N.M. 2005).  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#50] is **DENIED**.


Dated:  November 26, 2013


BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge