**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3138-WJM-KLM

AURORA BANK FSB,

    Plaintiff,

v.

STANDARD PACIFIC MORTGAGE, INC., a Delaware Corporation f/k/a FAMILY LENDING SERVICES, INC.,

    Defendant.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT**

This matter is before the Court on Plaintiff Aurora Bank FSB's Motion to Alter or Amend the Order Granting Dismissal and Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 59 ("Motion"). (ECF No. 65.) For the following reasons, Plaintiff's Motion is denied.

## I. BACKGROUND

On November 30, 2012, Plaintiff brought this action against Defendant. (ECF No. 1.) On June 26, 2013, Plaintiff filed the operative Second Amended Complaint, which brings claims against Defendant for the breach of representations and warranties in Defendant's sale of loans to Lehman Brothers Bank, FSB. (ECF No. 31.) On July 15, 2013, Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 32), which the Court granted in its entirety on March 19, 2014 (ECF No. 63). Final Judgment against Plaintiff was entered on March 20, 2014. (ECF No. 64.)

On April 16, 2014, Plaintiff filed the instant Motion. (ECF No. 65.) Defendant submitted its Response to the Motion on May 12, 2014 (ECF No. 66), and Plaintiff filed its Reply on May 29, 2014 (ECF No. 67).

## II. DISCUSSION

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party. Fed. R. Civ. P. 59(e). "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted). Accordingly, the Court may amend the judgment in its discretion where there has been an intervening change in the controlling law, new evidence that was previously unavailable has come to light, or the Court sees a need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Plaintiff argues that the Court erred in granting Defendant's Motion to Dismiss for three reasons: (1) Plaintiff's claims accrued in New York; (2) Plaintiff is a New York resident; and (3) New York's borrowing statute is not applicable in this case. (ECF No.

65 at 5-15.) Plaintiff makes no argument that there has been a change in law or that new evidence has become available; thus, the Court must find clear error or manifest injustice in order to grant Plaintiff's Motion. *See Servants of the Paraclete*, 204 F.3d at 1012.

The Court has carefully analyzed the Motion, the Order granting the Motion to Dismiss, and the briefing on the underlying Motion to Dismiss. Based on that analysis, the Court concludes that its Order was not clearly erroneous. Furthermore, Plaintiff's Motion merely "revisit[s] issues already addressed . . . [and] advance[s] arguments that could have been raised in prior briefing." *See id.* Accordingly, the Court finds that Plaintiff has failed to meet its burden.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Motion to Alter or Amend the Order Granting Dismissal and Judgment of Dismissal Pursuant to Federal Rule of Civil Procedure 59 (ECF No. 65) is DENIED.

Dated this 15th day of October, 2014.

BY THE COURT:

William J. Martínez
United States District Judge